IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Paul Gerald Leger, | C/A No.: 1:11-2464-TLW-SVH |
| Petitioner, | |
| vs. | REPORT AND RECOMMENDATION |
| John R. Owen, Warden, | |
| Respondent. | |

Petitioner Paul Gerald Leger ("Petitioner"), proceeding pro se, filed this petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that the Bureau of Prisons ("BOP") has failed to properly calculate his aggregate state and federal sentences. Petitioner is a federal prisoner at Federal Correctional Institution (FCI) Williamsburg, South Carolina. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.) for a Report and Recommendation on the following motions: (1) Petitioner's motion for default judgment [Entry #25]; (2) Petitioner's motion to strike [Entry #26]; (3) Petitioner's motion for declaratory judgment [Entry #35]; and (4) Respondent's motion to dismiss/summary judgment [Entry #17]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion. [Entry #18]. Petitioner filed a timely response on November 28, 2011 [Entry #20]; Respondent filed a reply on December 6, 2011 [Entry #21]; and Petitioner filed a sur-reply on December 12, 2011 [Entry #22].

Petitioner subsequently filed a Motion for Default Judgment on February 8, 2012 [Entry#25], a Motion to Strike the Declaration of Forest B. Kelly on March 2, 2012 [Entry #26], and a Motion for Declaratory Judgment [Entry #35].

Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's motion for summary judgment be granted and Petitioner's motions be denied.

I.  Factual and Procedural Background

Petitioner was sentenced on June 22, 1999, to a 180-month term of imprisonment by the United States District Court for the Southern District of Florida for Possession of Computer Disks Containing Visual Depictions Using a Minor Engaging in Sexually Explicit Conduct (violation of 18 U.S.C. § 2252(a)(4)(B)), and Convicted Felon in Possession of a Firearm (violation of 18 U.S.C. § 922(g)(1)).

Petitioner has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging the execution of his federal sentence. Petitioner claims the BOP has failed to appropriately exercise its discretionary legislative authority by failing to designate a state facility as the place to serve his federal sentence. Petitioner further contends this has resulted in an unlawful restraint of his liberty. Specifically, Petitioner asserts the BOP should award him credit toward his federal sentence for the time he spent in state custody.

On August 29, 1994, Petitioner was sentenced to two years community control to be followed by three years of probation by the Fifth Judicial Circuit Court of the State of Florida for the offenses of Shooting at or Within an Occupied Structure, and Possession

of a Firearm by a Convicted Felon. On December 18, 1997, a warrant was filed for Petitioner's arrest for violation of probation. On April 13, 1998, Petitioner was arrested by state authorities in Florida, based upon state charges filed in Lake County, Florida, for Lewd and Lascivious Act on a Child under 16 Years of Age, Possession of a Firearm by a Convicted Felon, and Probation Violation. The circumstances involved in Petitioner's arrest for Lewd and Lascivious Act on a Child under 16 Years of Age and Possession of a Firearm by a Convicted Felon also resulted in federal charges.

On November 2, 1998, while in state custody, the United States Marshals Service borrowed Petitioner from state authorities via a writ of habeas corpus ad prosequendum for disposition of the federal charges. On July 20, 1999, the conditions of the federal writ of habeas corpus ad prosequendum having been satisfied, Petitioner was returned to the state of Florida authorities. On August 30, 1999, Petitioner was sentenced to a four year state term of imprisonment by the Lake County Circuit Court under Docket Number 93 CF 001217 for a probation violation. The court ordered this sentence be served concurrently with the federal sentence and provided Petitioner with 493 days of jail credit.

On October 17, 2000, Petitioner was sentenced to a six year term of imprisonment by the Lake County Circuit Court under Docket Number 97 CF 002279 for Lewd and Lascivious Act on a Child under 16 Years of Age and Possession of a Firearm by a Convicted Felon. The court ordered this sentence to be served concurrently with the federal sentence. Petitioner was placed in the Florida Department of Corrections for service of the four and six year terms of state imprisonment. On April 23, 2002,

Petitioner completed service of the four year term of imprisonment for the probation violation. On June 21, 2002, the six year term of imprisonment imposed under Docket Number 97 CF 002279 was vacated and suspended. On July 2, 2002, the Florida Department of Corrections processed the order vacating and suspending the six year term of state imprisonment and released Petitioner into the exclusive custody of federal authorities. Based upon this history, the BOP calculates Petitioner's federal sentence as having commenced on July 2, 2002, with 80 days of prior custody credit having been applied to the sentence. Respondent indicates that Petitioner is also eligible to earn a total of 705 days Good Conduct Time credit. This results in the BOP's projected release date of Petitioner from the federal sentence on May 8, 2015.

II.     Discussion

   A.     Motion for Default

In Petitioner's Motion for Default Judgment [Entry #25], Petitioner contends that Respondent did not timely file a response to his petition and that he should be granted a default judgment. Default judgments are generally not available in habeas actions. *See, e.g., Aziz v. Leferve*, 830 F.2d 184, 187 (11th Cir.1987) (noting that "a default judgment is not contemplated in habeas corpus cases"). Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed.R.Civ.P. 55(a). However, habeas petitioners should not receive a default judgment under normal circumstances. *See Bermudez v. Reid*, 733 F.2d 18, 21 (2d Cir.1984)

(reasoning that "were district courts to enter default judgments without reaching the merits of the claim, it would be not the defaulting party but the public at large that would be made to suffer"); *see also Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir.1990) (holding that "[t]he failure to respond to claims in a petition for habeas corpus does not entitle the petitioner to a default judgment."); *Allen v. Perini*, 26 Ohio Misc. 149, 424 F.2d 134, 138 (6th Cir.1970) (finding "Rule 55(a) has no application in habeas corpus cases."); *Garland v. Warden*, 2008 WL 4834597 (D.S.C.2008) (unpublished).

Accordingly, it is recommended that Petitioner's Motion for Default Judgment be denied.

B. Motion to Strike

The document docketed as a Motion to Strike [Entry #26] is captioned by Petitioner as "Addendum to Application for Default Judgment and Motion to Court to Take Mandatory Judicial Notice of State of Florida Department of Corrections Records in Support of Petitioner's Claim of the Perjured Testimony of Respondent's Witness as Declarant (FRCP Rules 56(h) and 201)." Petitioner argues that he is entitled to relief because Respondent has not provided any evidence that the Declaration of Forrest Kelly is not perjured testimony. However, Petitioner has not provided any evidence that Mr. Kelly's Declaration contains "perjurious statements or blatant falsehoods." Because Petitioner's arguments concerning the lack of credibility is not appropriate on a motion for summary judgment, it is recommended that Petitioner's Motion to Strike be denied.

C. Respondent's Motion to Dismiss/Summary Judgment

As an initial matter, the undersigned notes that Respondent concedes that Petitioner has exhausted his administrative remedies with respect to these claims, and therefore the claims are addressed on their merits.

Petitioner contends he is entitled to credit toward his federal sentence for all of the time he has served for his state conviction because the Florida court ordered his state sentence to run concurrently with the subsequently-imposed federal sentence. Respondent contends that the BOP has correctly calculated Petitioner's sentence. The undersigned agrees.

Pursuant to 18 U.S.C. § 3585, the Attorney General is responsible for computing federal sentences for all offenses committed on or after November 1, 1987, and he has delegated that authority to the BOP under 28 C.F.R. § 0.96 (1992). The computation of a federal sentence is governed by 18 U.S.C. § 3585 and is comprised of a two-step determination: first, the date on which the federal sentence commences and, second, the extent to which credit may be awarded for time spent in custody prior to commencement of the sentence. Additionally, it is well-settled that a federal sentence cannot commence before it is imposed. See 18 U.S.C. § 3585(a)("Commencement of sentence. A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."); *United States v. Evans*, 159 F.3d 908, 911 (4th Cir.1998). Further, a district court has no power to award presentence credit. 18 U.S.C. § 3585(b) ("Credit for prior custody.--A defendant shall be

given credit toward the service of a term of imprisonment for any time he has spent in official detention *prior to the date the sentence commences*); *United States v. Wilson*, 503 U.S. 329, 333 (1992) ("Congress has indicated that computation of the credit must occur after the defendant begins his sentence. A district court, therefore, cannot apply § 3585(b) at sentencing"). Pursuant to the provisions of 18 U.S.C. § 3584(a), multiple terms of imprisonment imposed at different times, such as Petitioner's state and federal sentences, run consecutively absent an affirmative order of the federal sentencing court that they run concurrently.

In this case, Petitioner's sentence commenced on the day he was released from state custody and transferred to federal custody on July 2, 2002. *Pinaud v. James*, 851 F.2d 27, 30 (2nd Cir.1988) (holding a federal sentence does not commence until the Attorney General receives the defendant into custody for service of the federal sentence.) Petitioner was given credit for 80 days of prior custody credit.

Petitioner was in federal custody after his state arrest when he was borrowed from the State of Florida via a federal writ of habeas corpus ad prosequendum. However, a prisoner is not "in custody" when he appears in another jurisdiction's court pursuant to an ad prosequendum writ; he is merely "on loan" to that jurisdiction. *Stewart v. Bailey*, 7 F.3d 384, 389 (4th Cir.1993). A prisoner is not entitled to prior custody credit for time spent in federal detention pursuant to a writ of habeas corpus ad prosequendum, when the time period was credited against his state sentence, because he already had been sentenced on the state offense and was serving that sentence during the relevant time period. *Williamson v. Pettiford*, 2008 WL 2076664 (D.S.C. May 9, 2008) (*citing Rios v.*

*Wiley*, 201 F.3d 257, 272 (3rd Cir. 2000)); *United States v. Dennis*, 926 F.2d 768, 770 (8th Cir. 1991); *Jimenez v. Warden, FDIC, Fort Devens Massachusetts*, 147 F.Supp.2d 24, 28 (D.Mass. 2001).

To the extent that Petitioner argues that he is entitled to federal credit for the time period beginning the date the federal detainer was placed on him, that argument is without merit. A detainer filed to hold a prisoner to serve a federal term does not change his state custody status. *Thomas v. Whalen*, 962 F.2d 358, 360 (4th Cir.1992). A detainer notifies the officials at the institution where a prisoner is confined that the prisoner is wanted in another jurisdiction upon release from prison. *Id.* at 360-61. Additionally, Petitioner's argument that the state court ordered the sentences to run concurrently is also without merit. A state court's judgment does not create an entitlement to concurrent state and federal sentences. *See Barden v. Keohane*, 921 F.2d 476, 478 n. 4 (3d. 1990) ("We recognize that neither the federal courts nor the Bureau are bound in any way by the state Court's direction that the state and federal sentences run concurrently.")

Pursuant to 18 U.S.C. § 3585(a) and the BOP's policy in computing sentences, a federal sentence cannot commence prior to the date of its imposition and until the defendant is in federal custody. However, an inmate in non-federal custody may have his federal sentence commence the date it is imposed if the BOP makes a nunc pro tunc designation under 18 U.S.C. § 3621(b), which allows the non-federal facility to serve as a place for service of the federal sentence. *Barden*, 921 F.2d 476. Section 3621(b) enumerates the following factors for the BOP to consider in making nunc pro tunc designations: (1) the resources of the non-federal facility; (2) the nature and

circumstances of the offense; (3) the history and characteristics of the inmate; (4) any pronouncements made by the sentencing court; (5) any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. § 994(a)(2).

While under no obligation to grant a nunc pro tunc designation request, the BOP is to consider the language of the federal and state judgments, the state sentence data record to include jail credit, and "any other pertinent information relating to the federal and state sentences." BOP Program Statement 5160.05(9)(b)(4)(b). The BOP is afforded wide latitude in exercising its delegation authority under § 3621(b). *Barden*, 921 F.2d at 476; *Trowell v. Beeler*, No. 04-6531, 2005 WL 1181858, at *2 (4th Cir. May 19, 2005) (unpublished). Further, the BOP's decision to grant or deny nunc pro tunc designation is subject to judicial review only for the purposes of abuse of discretion. *Barden*, 921 F.2d at 478.

Here, upon Petitioner's request, the BOP conducted a review pursuant to *Barden* to determine if it would be appropriate to grant Petitioner a nunc pro tunc designation that would allow his federal and state sentence to run concurrently. The BOP's May 3, 2011 final administrative decision denying Petitioner's request set out the specific facts of the Petitioner's situation and considered the appropriate factors, including the nature of Petitioner's offenses, Petitioner's criminal history, and the sentencing judge's intent. The BOP did not abuse its discretionary authority in this case. Accordingly, it is recommended that Respondent's motion to deny the habeas petition be granted and the petition dismissed with prejudice.

### D. Plaintiff's Motion for Declaratory Judgment

The document docketed as a Motion for Declaratory Judgment [Entry #25] is captioned by Petitioner as "Motion for Declaratory Judgment in the Nature to Expedite Judicial Action Toward Relief and Immediate Release." The relief Petitioner seeks is effectively the same argument that he posits in his habeas petition. For the same reasons outlined in the foregoing section on Respondent's Motion for Summary Judgment, it is recommended that Petitioner's Motion for Declaratory Judgment be denied.

### .III. Conclusion

For the foregoing reasons, it is recommended that Respondent's motion for summary judgment [Entry #17] be granted and the petition for writ of habeas corpus should be denied, and the petition dismissed with prejudice and without an evidentiary hearing.

It is further recommended that Petitioner's Motion for Default Judgment [Entry #25], Motion to Strike [Entry #26], and Motion for Declaratory Judgment [Entry #35] be denied.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

June 21, 2012　　　　　　　　　　　　　　Shiva V. Hodges
Columbia, South Carolina　　　　　　　　United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).